UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH D. TUCKER,

                Petitioner

Case No. 2:21-cv-12180

HONORABLE STEPHEN J. MURPHY, III

v.

JODI DEANGELO,

                Respondent.

                                  /

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS [1], DECLINING
TO ISSUE CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Ralph D. Tucker is an inmate at the Woodland Center Correctional Facility. ECF 1, PgID 2–3. He filed a pro se habeas petition under 28 U.S.C. § 2241. *Id*. Petitioner challenged his conviction for two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(c). The State responded to Petitioner's habeas petition and argued that the Court should refuse to consider the petition's merits because of the concurrent sentencing doctrine. ECF 11. For the reasons below, the Court will consider the merits of the petition and will deny Petitioner habeas relief.[1]

---

[1] The Court need not hold a hearing because Petitioner is proceeding pro se and is incarcerated. E.D. Mich. L.R. 7.1(f)(1).

1

## BACKGROUND

A Wayne County Circuit Court judge convicted Petitioner of two counts of first-degree criminal sexual conduct after a bench trial. ECF 1, PgID 1. Because the Michigan Court of Appeals' recitation of the facts is "presumed correct on habeas review," the Court will use that court's opinion for background. *Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009).

In 1999 Petitioner gave the minor victim TT a ride home. *People v. Tucker*, No. 351334, 2021 WL 646820, at *1 (Mich. Ct. App. Feb. 18, 2021), *lv. den.* 508 Mich. 897 (2021). TT asked him if he knew where she could purchase marijuana. *Id.* Petitioner said he did, and he drove her to his friend's apartment. Petitioner and TT's stories then diverged.

Petitioner claimed that he got out of the car and purchased marijuana. *Id.* He stated that the two sat in his car and smoked marijuana. *Id.* And that when Petitioner asked TT if she would have sex with him, she, after initially saying no, agreed. *Id.* They had sex, and petitioner drove her home. *Id.*

But according to TT, Petitioner "did not get out of the car to go purchase the marijuana." *Id.* Instead, he "parked the car and demanded that she take off her clothes because they were going to have sex." *Id.* TT told him she was not going to have sex with him, but Petitioner said, "[e]ither you gon' give it to me or I'm gon' take it." *Id.* TT feared "that he would beat her if she did not comply," so she "took her pants off." *Id.* The car did not have interior door handles, and she was trapped inside. *Id.* Petitioner then "reclined the front bench seat of his car," "got on top of TT," and

2

"penetrated her vagina with his penis." *Id.* After Petitioner finished, TT asked if she could leave. *Id.* He told her that "she could only go home after they had sex again." *Id.* Petitioner again "vaginally penetrated TT again with his penis." *Id.* Only then did Petitioner drive her home.

"When TT arrived home, she contacted the police and went to Detroit Receiving Hospital where a sexual assault kit was performed." *Id.* The Detroit Police Department stored the sexual assault kit in its property room, but the kit remained untested until 2014. *Id.* When the sexual assault kit was tested, the DNA matched DNA found in four other sexual assault kits. *Id.* "Michigan State Police Detective Regina Swift[], a cold case detective assigned to the sexual assault kit task force, was assigned to [the] case in April 2018." *Id.* Swift obtained a cheek swab from Petitioner, and his DNA matched the DNA found in TT's sexual assault kit. *Id.* In 2018 police arrested Petitioner. *Id.* The prosecution filed am unopposed pretrial notice of intent and a motion under MRE 404(b) to have evidence of the other sexual assaults admitted at defendant's trial. *Id.* A judge then convicted Defendant of two counts of first-degree criminal sexual conduct against TT after a five-day bench trial. *Id.*

Petitioner filed a writ of habeas corpus and sought relief on three grounds: (1) the trial court denied him a fair trial when it erroneously allowed the prosecutor to introduce other acts evidence under Michigan Rule of Evidence 404(b); (2) the trial court denied him due process because his convictions were based on insufficient evidence; (3) the trial court should have excluded his statements to law enforcement under the Fifth Amendment because they were involuntary. ECF 1, PgID 3.

3

## LEGAL STANDARD

The Court may grant a State prisoner habeas relief only if his claims were adjudicated on the merits and the State court's adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established law. 28 U.S.C. § 2254(d)(1). "A [S]tate court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court cases] or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [that] precedent." *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (cleaned up) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

A State court does not unreasonably apply Supreme Court precedent when its application of precedent is merely "incorrect or erroneous," but only when its application of precedent is "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003). "A [S]tate court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the [S]tate court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation omitted). A State court need not cite Supreme Court cases "so long as neither the reasoning nor the result of the [S]tate-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Decisions by "lower federal courts may be instructive in assessing the reasonableness of a [S]tate court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (cleaned up).

4

**DISCUSSION**

The Court will first address why the case will not be dismissed under the concurrent sentencing doctrine. Second, the Court will address Petitioner's first, second, and third claims in order. Third, the Court will deny Petitioner a writ of habeas corpus, a certificate of appealability, and leave to appeal in forma pauperis.

I. <u>Concurrent Sentencing Doctrine</u>

Respondent argued that the Court should decline to review Petitioner's claims under the concurrent sentencing doctrine. ECF 11, PgID 149–51. The concurrent sentencing doctrine allows a federal court to decline to review habeas corpus petitions "which challenge criminal convictions that have resulted in sentences, and other collateral consequences, which are wholly subsumed by those conferred by other unassailable convictions." *Wilson v. Straub,* 185 F. Supp. 2d 766, 769 (E.D. Mich. 2002) (internal quotation omitted); *see Benton v. Maryland,* 395 U.S. 784, 789 (1969). But a court should decline to review a habeas claim under the concurrent sentencing doctrine only in cases when "it is clear that there would be no collateral consequences to the petitioner and the issue does not otherwise involve a significant question meriting consideration." *U.S. v. Hughes,* 964 F.2d 536, 541 (6th Cir. 1992). "The concurrent sentencing doctrine is a discretionary one, and courts are admittedly hesitant to apply it." *Groves v. Meko*, 516 F. App'x 507, 508 (6th Cir. 2013) (cleaned up). The doctrine only applies "when there is no possibility of adverse consequences

5

if the convictions stand." *Winn v. Renico,* 175 Fed. App'x 728, 732 (6th Cir. 2006) (citation omitted).

Respondent argued that the State trial court convicted Petitioner of first-degree criminal sexual conduct in six different cases, to include several cases in which he pleaded *nolo contendere* and never appealed. ECF 11, PgID 150. Because Petitioner is serving between 190 and 420 in prison in four of the cases and 180 to 420 months in the other two cases, Respondent claimed that the concurrent sentencing doctrine should bar Petitioner's habeas petitioner. *Id.* But the concurrent sentencing doctrine is inapplicable because Respondent did not show that there is no chance of adverse collateral consequences of petitioner's convictions. *See Winn*, 175 Fed. App'x at 732; *Pillette v. Berghuis*, 408 F. App'x 873, 886, n.8 (6th Cir. 2010). Because the concurrent sentencing doctrine is inapplicable, the Court will consider the merits of Petitioner's motion and will address each of Petitioner's claims in order.

II. Claim One: Other Acts Evidence

Petitioner claimed the trial court improperly admitted evidence of his other bad acts under Michigan Rule of Evidence 404(b). ECF 1, PgID 24–27. But because the trial court's decision to admit the evidence is not cognizable on habeas review, the Court will deny Petitioner habeas relief as to claim one.

It is "not the province of a federal habeas court to reexamine [S]tate-court determinations on [S]tate-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). On habeas review, a federal court is limited to deciding whether a State court conviction violated the Constitution, laws, or treaties of the United States. *Id.* The

6

"errors in the application of [S]tate law, especially rulings regarding the admission or exclusion of evidence, are usually not to be questioned in a federal habeas proceeding." *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000).

Petitioner's claim that the State court violated Michigan Rule of Evidence 404(b), or any other provision of State law, is non-cognizable on habeas review. *See Bey v. Bagley,* 500 F.3d 514, 519 (6th Cir. 2007). The admission of 404(b) evidence against Petitioner at his State trial does not entitle him to habeas relief because "[t]here is no clearly established Supreme Court precedent which holds that a State violates due process by permitting [404(b)] propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003). The Court will thus deny Petitioner habeas relief on his first claim.

III.  Claim Two: Sufficiency of Evidence

Petitioner argued four reasons why the evidence at trial did not support his conviction: (1) TT was not credible; (2) TT's testimony was inconsistent; (3) other evidence did not corroborate TT's testimony; and (4) Petitioner's testimony refuted TT's account of the events. ECF 1, PgID 28–30.

When reviewing a sufficiency of the evidence claim, the Court must determine "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). The Court need not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Id.* at 319 (quotation omitted). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution,

7

any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (citation omitted); see *U.S. v. Bronzino,* 598 F.3d 276, 278 (6th Cir. 2010) (applying the *Jackson* standard on review of a bench trial). For the Court, then, "the only question under *Jackson* is whether [the trial judge's] finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). Nor does the Court reweigh evidence or redetermine the credibility of witnesses on habeas review. *Marshall v. Lonberger*, 459 U.S. 422, 434–35 (1983). The Court must instead defer to the trial judge's assessment of the credibility of witnesses because "[i]t is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003). Thus, if the Court is "faced with a record of historical facts that supports conflicting inferences, [the Court] must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution[] and must defer to that resolution." *Cavazos v. Smith*, 565 U.S. 1, 7 (2011) (quotation omitted).

Under Michigan law, there are two elements to a first-degree criminal sexual conduct charge: "(1) a sexual penetration (2) that occurs during the commission of another felony." *People v. Waltonen*, 272 Mich. App. 678, 693–94 (2006); Mich. Comp. Laws § 750.520b(1)(c). The trial court convicted Petitioner of penetrating TT while committing the underlying felony of kidnapping. ECF 11, PgID 98.

Petitioner first contended that the evidence was insufficient to convict him because TT's testimony was not believable. ECF 1, PgID 18–23. TT testified that

Petitioner sexually penetrated her without her consent during the commission of a kidnapping, and the trial judge credited TT's testimony. *See Tucker*, 2021 WL 646820, at \*1; ECF 1, PgID 23. Because the Court defers to the trial court's credibility findings, Petitioner's first argument fails. *See Lonberger*, 459 U.S. at 434–35. *Matthews*, 319 F.3d at 788.

Second, Petitioner argued that in 1999 TT told the police that it was Petitioner's idea to buy marijuana, but that at his trial she testified that it was her idea to buy marijuana. ECF 1, PgID 17. Petitioner contended that the Court should overturn his conviction because of the inconsistency. ECF 1, PgID 17, 28. But the inconsistency does not render the trial judge's conviction "so insupportable as to fall below the threshold of bare rationality." *Coleman*, 566 U.S. at 656. And it is the role of the trial judge to "resolve any conflicts in testimony." *Matthews*, 319 F.3d at 788. The trial judge did not find that TT's conflicting statements about who wanted the marijuana destroyed her testimony. Because the Court will defer to the trial court and the error, if any exists, is not enough to render the trial judge's decision "insupportable", the Court will deny Petitioner habeas relief on his second argument.

Petitioner third alleged that TT's use of marijuana might have affected her memory, and the trial Court should have discounted her testimony. ECF 1, PgID 29. But as already stated, the Court defers to the trial court's credibility findings. *See Lonberger*, 459 U.S. at 434–35. And besides, Petitioner admitted that "the parties did not offer any testimony about" the effect marijuana may have had on TT. ECF 1, PgID 29. Because the Court will defer to the trial court's determination of witness'

9

credibility and Petitioner did not exhaust his claim in State Court, Petitioner's third argument fails. *See Lonberger*, 459 U.S. at 434–35.

Fourth, Petitioner contended that his testimony rendered the conviction unconstitutional. ECF 1, PgID 29. But the Court will deny him relief on his fourth argument for the same reason that it denied him relief on his first and third arguments: the Court must defer to the trial court's finding of credibility. *See Lonberger*, 459 U.S. at 434–35. The trial court found Petitioner's testimony less credible than TT's testimony. *Tucker*, 2021 WL 646820, at *1. The Court will thus deny Petitioner habeas relief on his fourth argument. *See Brown v. Davis,* 752 F.2d 1142, 1144–45 (6th Cir. 1985) (holding the testimony of a sexual-assault victim is sufficient to support a conviction).

In sum, the Court will deny Petitioner habeas relief on his second claim that his conviction was not supported by sufficient evidence because Petitioners' conviction was supported by sufficient evidence and one of Petitioner's arguments to the contrary was not properly presented before the Court.

III. <u>Voluntariness of the Standards</u>

The Court will deny Petitioner relief on his Fifth Amendment claim because the trial court did not violate his constitutional rights. Petitioner claimed that the trial court should have suppressed his statement to Detectives Swift and Farrah because he was tired and groggy due to the ingestion of prescription medications before making the statement and thus the statement was involuntary. ECF 1, PgID 33–34. When the Michigan Court of Appeals reviewed the same question, the court

10

held that, "when considering the totality of the circumstances, it was not an abuse of discretion for the trial court to conclude that defendant's statement was admissible because defendant voluntarily, intelligently, and knowingly waived his *Miranda* rights and spoke to the detectives." *Tucker*, 2021 WL 646820, at *6.

"Findings of fact of the [S]tate courts are presumed to be correct. The applicant [bears] the burden of rebutting the presumption of correctness by clear and convincing evidence." *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001) (quotation omitted). A factual determination about the voluntariness of a statement is entitled to the same presumption of correctness. *Miller v. Fenton*, 474 U.S. 104, 112 (1985). Likewise, whether a defendant understood his *Miranda* rights is a question of fact underlying the question of whether waiver of his rights was knowing and intelligent. *Williams v. Jones*, 117 F. App'x 406, 412 (6th Cir. 2004). "Thus, on federal habeas review, a federal court has to presume that the State court's factual finding that a defendant fully understood what was being said and asked of him was correct unless the petitioner shows otherwise by clear and convincing evidence." *Id.*

A defendant's waiver of his *Miranda* rights is considered valid if it is voluntary, knowing, and intelligent. *Miranda v. Arizona*, 384 U.S. 436, 444, 475 (1966). "[C]oercive police activity is a necessary predicate to the finding that a confession is not voluntary" *Colorado v. Connelly*, 479 U.S. 157, 167 (1986) (cleaned up). And a defendant's deficient mental condition, by itself, cannot render a waiver involuntary. *Id.* at 164–65. Likewise, in determining whether a confession is voluntary, the ultimate question for a court is "whether, under the totality of the circumstances, the

11

challenged confession was obtained in a manner compatible with the requirements of the Constitution." *Miller,* 474 U.S. at 112.

Petitioner's primary contention is that the Court should have suppressed his statements should because he was groggy from ingesting several prescription medications and from his dialysis. ECF 1, PgID 33. But both detectives testified that Petitioner did not appear to be under the influence because he was able to effectively communicate with them throughout the interview. *Tucker*, 2021 WL 646820, at *6. And Petitioner never informed the detectives that he needed help, a break, was having a diabetic attack, was not feeling well, or that he was feeling groggy or tired because of his medications. *See id.* Most importantly, Petitioner failed to show that the detectives engaged in coercive actions during the interrogation. *See id.*

Petitioner presented no evidence that his grogginess prevented him from understanding his Fifth Amendment rights. *See id.* Based on the totality of the circumstances, it was objectively reasonable for the Michigan Court of Appeals to hold that Petitioner's statement to the police was voluntary. *See McCalvin v. Yukins,* 444 F.3d 713, 720 (6th Cir. 2006). The officers advised Petitioner of his *Miranda* rights. *Tucker*, 2021 WL 646820, at *6. The officers did not deny Petitioner food or water during the interview. *Id.* The officers did not use threats or violence. *Id.* And the judge made a factual determination that the medication did not affect Petitioner's cognitive ability at the time of the interrogation. *Id.* The Court will thus deny Petitioner relief on his third claim because the Michigan courts' determination is reasonable and is entitled to a presumption of correctness and because Petitioner did not rebut that

presumption by clear and convincing evidence. *See Fenton*, 474 U.S. at 112; *Mitchell*, 271 F.3d at 656.

## CERTIFICATE OF APPEALABILITY

In sum, the Court will deny the habeas petition as to all three of Petitioner's claims. To appeal the Court's decision, Petitioner must obtain a certificate of appealability, which requires him to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner must show "that reasonable jurists could debate whether" the Court should have resolved the § 2254 petition "in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks and quotation omitted). Jurists of reason would not debate the Court's denial of the petition. The Court will thus deny a certificate of appealability.

Last, the Court will deny Petitioner leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(3).

**WHEREFORE**, it is hereby **ORDERED** that the habeas petition [1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

This is a final order that closes the case.

                                         s/ Stephen J. Murphy, III
                                         STEPHEN J. MURPHY, III
                                         United States District Judge

Dated: November 21, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 21, 2022, by electronic and/or ordinary mail.

                                         s/ David P. Parker
                                         Case Manager